then in actual existence, it attaches in equity as soon as the person who grants the lien acquires the possession and title of the same. Mitchel v. Winslow, [Case No. 9,673;] Pennock v. Coe, 23 How. [64 U. S.] 117.

Privileges, franchises, rights, leases, and charters are included in the mortgage, as well as lands, tracks, lines, rails, bridges, ways, depots, stations, water-tanks, shops, buildings, piers, wharves. erections, fences, walls, and fixtures; and the instrument following that specific enumeration proceeds to provide "also all the like estate, roads, railroads, and structures, and matters and things pertaining or belonging thereto, that may be acquired or constructed, or be controlled by the granting party, together with all the tolls, income, issues, and profits to be had from the same, and every thing necessary for the complete use of the railroad." Language more explicit and comprehensive could not well be chosen, and the instrument proceeds to another enumeration, and specifies all the locomotives, engines, tenders, cars, carriages, tools, shops, fixtures, and machinery, and all the coal, wood, and other fuel belonging or appertaining to the said railroad, or that may at any time hereafter belong or appertain to the same as it may be changed by use and new acquisitions. More specific terms of inclusion, it would seem, could not be employed, and yet the grantors, as if to make certainty doubly sure, add as follows: "also, all the estate, real, personal. and mixed, of any of the foregoing descriptions, or of any other kind which may be hereafter acquired by the granting party and be used, or intended to be used, in the construction and operation of the said railroad." Leases are specifically named as matters conveyed by the mortgage, and the express words of the instrument are, that all the estate, real, personal, and mixed, of any of the descriptions mentioned, or of any other kind which may hereafter be acquired by the grantors. or be used or intended for use, in the construction or operation of the said railroad, shall also pass to the mortgagees under the mortgage. Suppose that is so, the rule established by the two leading cases already cited shows that the complainants cannot recover. It must be so, unless the rule promulgated in those cases is overruled, which cannot be done for at least two reasons, (1) because the rule is a sound one; (2) because it is supported by many other decisions, to a few of which only reference will be made. Dunham v. Cincinnati, P. & C. R. Co., 1 Wall. [68 U. S.] 267; Galveston R. R. v. Cowdrey, 11 Wall. [78 U. S.] 481; U. S. v. New Orleans R. Co., 12 Wall. [79 U. S.] 364; Butt v. Ellett, 19 Wall. [86 U. S.] 547; Willink v. Morris Canal & Banking Co., 3 Green, Ch. [4 N. J. Eq.] 395; Smithurst v. Edmunds. 1 McCart, Ch. [14 N. J. Eq.] 411; Pierce v. Emery, 32 N. H. 503.

Many other authorities support the proposition that, whenever parties by their contract intend to create a positive lien or charge, either upon real or personal property, whether owned by the assignor or contractor or not, or, if personal property, whether it is then in being or not, the contract attaches in equity, as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto. Seymour v. Canandaigua & N. F. R. Co., 25 Barb. 284; Curtis v. Auber, 1 Jac. & W. 531; Langton v. Horton, 1 Hare, 556; Field v. Mayor, 2 Seld. [6 N. Y.] 185. Apply the established rule to the case, and it is clear that the complainants cannot recover, and in that view the court is of the opinion that it is not necessary to examine the other questions discussed at the bar.

Decree that the bill of complaint is dismissed, with costs.

BARNARD, (PHILADELPHIA & R. R. CO. v.) See Case No. 11,086.

## Case No. 1,008.

### BARNARD v. TAYLOE.

[5 Cranch, C. C. 403.][1]

Circuit Court, District of Columbia. March Term, 1838.

PLEADING—TROVER—LIMITATIONS.

Not guilty within three years, is a good plea in trover.

[At law. Action by Frederick Barnard against Benjamin O. Tayloe.] Trover; plea, not guilty within three years. General demurrer. [Overruled.]

Mr. Hoban, for the defendant, contended that the plea should have been actio non accrevit; and cited the case of Union Bank v. Chason, at November term, 1835, (unreported;) Dyster v. Battye, 3 Barn. & Ald. 448; and Richman v. Richman, 3 Hals. [8 N. J. Law,] 55.

Mr. Key, contra, cited the case of Bank of Columbia v. Ott's Adm'r, in this court, [Case No. 879;] Maryland Act of Limitations of 1715; and Evans' Harr. 48.

THE COURT (nem. con.) overruled the demurrer.

BARNARD, (WILKINSON v.) See Case No. 17,669.

BARNARD, The EDWARD. See Case No. 4,291.

BARNER, (BARLOW v.) See Case No. 998.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]